RENDERED:  MAY 24, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1253-MR

SOUTHERN FINANCIAL LIFE
INSURANCE COMPANY                                                APPELLANT


APPEAL FROM PIKE CIRCUIT COURT
v.        HONORABLE JOHNNY RAY HARRIS, SPECIAL JUDGE
ACTION NO. 07-CI-00114


RACHEL KENNEDY, AS PUBLIC
ADMINISTRATOR OF THE ESTATE
OF VALERIE MULLINS                                                APPELLEE


OPINION
AFFIRMING IN PART, REVERSING IN PART,
AND REMANDING

** ** ** ** **

BEFORE:  GOODWINE, KAREM, AND McNEILL, JUDGES.

McNEILL, JUDGE:  This is an insurance class action case.  Appellant is Southern

Financial Life Insurance Company (Southern Financial).  Appellee is Rachel

Kennedy, as Public Administrator for the Estate of Valerie Mullins (Mullins).[1]

The Pike Circuit Court granted summary judgment in Mullins' favor. Southern Financial appeals to this Court as a matter of right. Oral argument was held on March 22, 2024.

## FACTUAL BACKGROUND

The underlying facts have been summarized by our Supreme Court as follows:

> Southern Financial is an insurer that sells disability and life insurance to help borrowers make loan payments in the event that the insured borrower becomes disabled or dies before [their] loan is paid off. I n issuing these policies, Southern Financial did not directly solicit the insureds. Instead, the lending institutions offered Southern Financial's product with a lump-sum premium that was often included in the amount loaned to the borrower.
>
> The underlying action . . . was filed by Roger Mullins as executor of his wife's estate. The suit alleges that Southern Financial did not properly pay disability benefits that his late wife was entitled to under the terms of her Southern Financial disability policies. Alleging that this underpayment of benefits was the result of a pattern of practice applicable to each policy issued by Southern Financial, Mullins's claims were certified as a class action.

---

[1] Roger Mullins' late wife, Valerie Mullins, originally filed this suit. After Valerie Mullins died, Roger Mullins was appointed the Administrator of her Estate. After Roger Mullins died, Rachel Kennedy was appointed to succeed him for purposes of the present case.

*S. Fin. Life Ins. Co. v. Combs*, 413 S.W.3d 921, 928 (Ky. 2013) (holding in part that "[t]he lenders here fall squarely within this agency relationship and are the agents of Southern Financial as a matter of law.") (footnotes omitted).[2]

As a class action, this case involves disability insurance issued in connection with approximately 26,000 loans made by hundreds of lenders from 1997-2007. The class includes two types of insurance products and four separate insurance products divided into two subclasses: Subclass A (every class member who suffered a disability and received less than full disability benefits) and Subclass B (every class member whose loan termination date extended beyond the termination date of the credit disability insurance purchased).

After much appellate wrangling, the present case returned to the Pike Circuit Court for a decision on the merits. The circuit court granted Mullins' motions for summary judgment on its claims for breach of contract as to Subclasses A and B, and simultaneously denied Southern Financials' cross motion for summary judgment on the claim for breach of contract as to Subclass B. At issue here are two summary judgments, one for each subclass. The arguments

---

[2] The class certification order at issue here was entered on June 25, 2010. Kentucky Rules of Civil Procedure (CR) 23.06, was amended to provide an interlocutory appeal of an order "granting or denying class action certification." It became effective on January 1, 2011, six months after the class certification order was entered in the present case.

presented on appeal concern class certification and breach of contract. For the following reasons, we affirm in part, reverse in part, and remand.

## STANDARD OF REVIEW

"Because summary judgment involves only legal questions and the existence of any disputed material issues of fact, an appellate court need not defer to the trial court's decision and will review the issue *de novo*." *Lewis v. B&R Corp.*, 56 S.W.3d 432, 436 (Ky. App. 2001) (citation omitted). For insurance claims specifically, the Kentucky Supreme Court has directed:

> Foremost in interpreting an insurance contract we are bound by the specific language of the contract before us. We apply certain rules of construction to insurance contracts, including a rule that when the terms of an insurance contract are unambiguous and not unreasonable, they will be enforced as written. Unambiguously defined terms are interpreted in the light of usage and understanding of the average person. Ambiguous terms and the language of exclusions are strictly construed against the Insurer so as not to defeat the policyholder's reasonable expectation of coverage. But this rule of strict construction certainly does not mean that every doubt must be resolved against the Insurer and does not interfere with the rule that the policy must receive a reasonable interpretation consistent with the plain meaning in the contract.

*Foreman v. Auto Club Prop.-Cas. Ins. Co.*, 617 S.W.3d 345, 349-50 (Ky. 2021) (internal quotation marks and citations omitted). And as to class certification, our standard of review has been summarized as follows:

A trial court's decision to certify a class is reviewed for an abuse of discretion. The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles. Under this standard, we review the record and the ruling while giving deference to the trial court's factual findings and rulings because the trial court is in the best position to evaluate the evidence before it.

*Nebraska All. Realty Co. v. Brewer*, 529 S.W.3d 307, 311 (Ky. App. 2017).

(internal quotation marks and citations omitted). With these standards in mind, we return to the record and arguments at issue in the present case.

## ANALYSIS

Southern Financial raises two primary arguments on appeal: 1) The circuit court erred in certifying any class as to the contract claims, so judgment in favor of any class is error; and 2) The circuit court erred in interpreting the contracts. Each will be discussed in turn.[3]

*Class Certification*

A party seeking class certification must prove the following four prerequisites:

---

[3] Southern Financial's Notice of Appeal states that it is appealing from the two summary judgments "entered on October 3, 2022, and were designated by the Court as final and appealable, **and from all interlocutory orders made final by the entry of these Orders**." We must presume this blanket reservation includes the circuit court's order granting class certification entered on June 25, 2010. However, our rules make no such presumption. *See* Kentucky Rules of Appellate Procedure (RAP) 2(B)(1)(b). Nevertheless, we will address the merits of the class certification issue. *See Johnson v. Smith*, 885 S.W.2d 944, 950 (Ky. 1994). ("Excepting for tardy appeals . . . we follow a rule of substantial compliance.").

-5-

(a) the class is so numerous that joinder of all members is impracticable,

(b) there are questions of law or fact common to the class,

(c) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

(d) the representative parties will fairly and adequately protect the interests of the class.

CR 23.01. *See also Brewer*, 529 S.W.3d at 311-12 ("These prerequisites are often referred to as numerosity, commonality, typicality, and adequacy."). In the present case, the circuit court made affirmative findings under this provision. In addition, the party seeking certification must satisfy at least one requirement of the three requirements in CR 23.02. The circuit court found that all three had been satisfied.

However, Southern asserts that CR 23.02(a) and (b) were inapplicable here, and that we should focus our analysis on (c).[4] The circuit court found that:

> CR 23.02(c) requires the common questions of fact and law predominate over those not shared by the Class and that the class action mechanism is the superior method for the fair and efficient resolution of controversy.
>
>  . . .

---

[4] *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 362, 131 S. Ct. 2541, 2558, 180 L. Ed. 2d 374 (2011) ("[W]e think it clear that individualized monetary claims belong in Rule 23(b)(3)."). *See also Hensley v. Haynes Trucking, LLC*, 549 S.W.3d 430, 436 (Ky. 2018) (observing that "federal law should guide this Court's analysis of the trial court's class-certification decision because CR 23 mirrors its federal counterpart, Federal Rules of Civil Procedure Rule (FRCP) 23."). We also find *Hensley*'s discussion and application of *"*fail-safe*"* classes to be persuasive and adopt that reasoning herein. *Id*. at 449.

> The predominance of the common questions of law and fact has been addressed more fully above. This requirement is satisfied here. So too is the requirement that class treatment be the superior method . . . . There is no foreseeable impediment to this Court's management of this litigation.

While reasonable minds may differ as to class certification – a notoriously complex process for all involved – we cannot conclude that the certification in this case was "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." Therefore, the circuit court did not abuse its discretion. The class certification order is affirmed.

### *Breach of Contract*

To prove a breach of contract, the complainant must establish three things: (1) existence of a contract; (2) breach of that contract; and (3) damages flowing from that breach. *Barnett v. Mercy Health Partners-Lourdes, Inc.*, 233 S.W.3d 723, 727 (Ky. App. 2007). In the present case, the orders appealed from finally resolve the breach of contract claim and were made final pursuant to CR 54.02. In its order regarding breach of contract as to Subclass A, the circuit court concluded:

> **WHEREFORE, PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT IS HEREBY GRANTED** as indicated *supra*. With respect to Subclass A . . . [t]he Court concludes and declares that Southern Financial breached its contracts with the members of Subclass A and that said members are entitled to compensatory damages, the measure of which would

include the amount of benefits due but withheld by Southern Financial to Subclass A, out to the Term of Loan date, or the date the loan was paid off, plus interest from the date such benefits were due.

The circuit court also provided a formula for calculating damages and interest.

Likewise, in its order regarding Subclass B, the circuit court concluded:

> **WHEREFORE, PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT IS HEREBY GRANTED** as indicated *supra*. **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO BREACH OF CONTRACT AS TO SUBCLASS B IS HEREBY DENIED**. The Court concludes and declares that the contracts between Southern Financial and Subclass B members were breached, and the former subject to disgorgement for unjust enrichment as provided *supra*, plus interest from the date such premiums were paid.

The circuit court again provided a formula for calculating damages and interest.

These orders also reference an earlier order entered on July 6, 2021, wherein the circuit court interpreted the contracts at issue.

The matter before us is exclusively an issue of law. More precisely, we must interpret the coverage and payment provisions of the Mullins Insurance Certificates (Mullins Contracts). Both Mullins Contracts are four pages in length. Southern Financial argues that they limit coverage to sixty months (five years). For example, Mullins Contract One was signed by her on June 17, 1999. Mullins subsequently suffered a qualifying injury triggering coverage. Southern Financial ceased paying under Contract One on June 17, 2004 – exactly five years after

-8-

Mullins signed the contract.  Mullins Contract Two was signed by her on February 5, 2001.  Southern Financial ceased paying under Contract One on February 5, 2006 – exactly five years later.  Mullins died on July 8, 2007.

Contrary to the foregoing, Mullins argues that, pursuant to both contracts, so long as a qualifying disability occurs within the five-year period premium payments are being made:  "the Company will pay to the Creditor beginning with the DAY BENEFITS COMMENCE set forth above . . . for the period such Debtor shall continue to be totally disabled . . . ."  The circuit court agreed and cited this contractual provision in its order interpreting the contracts.  However, the court and both parties acknowledge that benefits would expire upon one of the following two conditions:  a) the insureds' total disability ceases; or b) the insureds' underlying loan is paid off.  Therefore, we need not address those conditions further.

Instead, we must resolve the following disputed positions:  1) Southern Financial – the **coverage** term of five years means **benefit payments** cease five years after the contract is executed; and 2) Mullins – the contracts' term of **coverage** is five years – **benefit payments** are governed by other provisions and are not limited to five years.  Both parties assert that their respective interpretations are unambiguous.  We disagree.  However, we agree that there *is* an unambiguous interpretation:

> So long as the insured sustains a qualifying injury during the five-year coverage period while paying premiums, the insurer shall pay monthly benefits for a period not to exceed five years from the day benefits commence. In addition to the expiration of the maximum five-year benefit payment term, benefit payments shall also cease if one of the following events occurs: 1) the underlying loan is paid off; OR 2) the insured ceases to be totally disabled.

This interpretation comprises a plain, natural, and logical reading of all applicable terms and provisions. Any alternative interpretation would strain the bounds of contract law – and credulity.[5]

Lastly, Southern Financial alleges that the "the court erred in granting summary judgment to Mullins and denying summary judgment to Southern Financial on the breach of contract claims as to Subclass B." This argument, and its sub-arguments, are either underdeveloped, or are otherwise unpersuasive. In any event, reversal is certainly not warranted.

## CONCLUSION

For the foregoing reasons, we AFFIRM the circuit court's order granting class certification entered on June 25, 2010. To the extent that the circuit

---

[5] Under Mullins' interpretation, so long as the insured remained totally disabled, Southern Financial would be required to make monthly payments on the insured instrument or incumbrance at issue – for whatever sum owed, and for whatever loan term remained. This would lead to an absurd result. Southern Financial's rigid interpretation would yield a similarly absurd result, albeit an opposite one. Both interpretations selectively and erroneously apply certain terms and provisions in isolation.

court's summary judgment orders entered on October 3, 2022, are contrary to this decision, we REVERSE. We REMAND for the court to enter an order in accordance with this decision and for a determination of damages.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Jeffrey Charles Mando
Covington, Kentucky

Joseph L. Hamilton
Marjorie A. Farris
Chadwick A. McTighe
Bethany A. Breetz
Louisville, Kentucky

Russell H. Davis
Pikeville, Kentucky

BRIEF FOR APPELLEE:

Robert E. Salyer
Lexington, Kentucky